UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
SHARLENE SULLIVAN,                              :
                                                :
                       Plaintiff,    :   13-cv-1640 (TPG)
                                                :
      – against –                               :
                                                :
ANDREW DUNCAN, et al.,                          :
                                                :
                       Defendants.   :
                                                :
------------------------------------------------x

## OPINION

This case concerns the reality-television show "Bullrun," which features teams competing to win a car race. Before the court is a motion to dismiss the complaint filed by defendants Viacom Media Networks, MTV, and Spike (the "Viacom defendants").

For the reasons stated below, defendants' motion to dismiss is granted.

### Procedural History

Plaintiff Sharlene Sullivan filed this action on March 11, 2013 as a *pro se* plaintiff. Sullivan did not serve defendants with copies of the complaint until December 2013 due to confusion regarding how to properly effect service. Given Sullivan's *pro se* status, the court granted two extensions of the 120-day period plaintiffs typically have to serve defendants under Federal Rule of Civil Procedure 4(m).

On December 26, 2013, the Viacom defendants filed a motion to dismiss asserting numerous grounds for dismissal, including: lack of subject matter jurisdiction under Rule 12(b)(1), failure to state a claim under Rule 12(b)(6), untimely service under Rule 4(m), and improper venue under Rule 12(b)(3).

Upon receiving defendants' motion, Sullivan requested a 60-day extension to respond so that she could obtain legal representation. The court granted that request. Sullivan retained an attorney, and the court granted an additional 30-day extension to afford Sullivan's counsel time to prepare its opposition.

## The Complaint

Sullivan claims that defendants stole her idea for a reality-television show about a car-race competition. Sullivan alleges that she met with producers to discuss the show in May 2006 and that they verbally agreed to pay her for the idea. Nothing further took place after that meeting until March 2007 when the television show "Bullrun" first aired. Sullivan alleges that "Bullrun" is based on the idea that she proposed to defendants. Sullivan has not received any compensation for her alleged involvement in creating the series.

The complaint cites diversity of citizenship, under 28 U.S.C. § 1332, as the basis for jurisdiction. Sullivan alleges that she is a citizen of New York; Bullrun Productions, Bullrun L.L.C., and Andrew Duncan are citizens of California; David Green is a citizen of Louisiana; Maloof Television is a citizen

of Nevada; and Fox Television, Viacom Media Networks, MTV, Spike, and Speed are citizens of New York. The complaint does not state the amount of damages sought in this action. The complaint lists no other basis for federal jurisdiction.

## Discussion

The Viacom defendants contend that the court should dismiss the complaint for lack of subject matter jurisdiction.

"Federal courts are powerless to adjudicate a suit unless they have subject matter jurisdiction over the action." European Cmty. v. RJR Nabisco, Inc., No. 11-cv-2475, 2014 WL 1613878, at *10 (2d Cir. Apr. 23, 2014). To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must demonstrate that the amount in controversy exceeds $75,000 and that the dispute is between citizens of different states. It is well settled that section 1332 requires complete diversity of citizenship. See Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). In other words, plaintiff's citizenship must be different from that of each of the defendants.

Sullivan fails to satisfy either of the requirements set by section 1332. First, nowhere in the complaint does Sullivan state the amount in controversy. The only relief sought is "proper credit" or "some kind of just . . . compensation." (Compl. ¶ V). Second, Sullivan fails to plead complete diversity of citizenship. The complaint lists Sullivan and five defendants—Fox Television, Viacom Media Networks, MTV, Spike, and Speed—as citizens of New

3

York. Thus, there is not complete diversity because Sullivan shares her state of citizenship with multiple defendants.

Without a proper basis for subject matter jurisdiction, the court must dismiss the complaint. However, Sullivan attempts to cure these defects by arguing new facts in her opposition to the motion to dismiss. She argues that she was mistaken about the citizenship of several defendants at the time she filed the complaint. (Pl. Opp. at 5). She now argues that none of the defendants are citizens of New York, and thus there is complete diversity. (Id.) She also argues that her claim is potentially worth "millions of dollars." (Pl. Opp. at 18).

Including information in the opposition to a motion to dismiss which contradicts information contained in the complaint is not a proper way to amend the complaint. However, because Sullivan's opposition papers suggest that there may be a basis for subject matter jurisdiction, the court will allow her to amend the complaint.

## Conclusion

The court grants defendants' motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). Sullivan has 30 days from the date of this order to amend the complaint. Given that the court has granted numerous extensions in this case, no further extensions will be granted.

This opinion resolves the motion located at Doc. No. 18.

Dated: New York, New York

August 13, 2014

Thomas P. Griesa

U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 8/13/2014