UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

SHARLENE SULLIVAN,

       **Plaintiff,**

   - against -

ANDREW DUNCAN, DAVID GREEN,
BULLRUN PRODUCTIONS, BULLRUN
LLC, MALOOF TELEVISION, FOX
TELEVISION, VIACOM MEDIA
NETWORKS, MTV, SPIKE, and THE SPEED
CHANNEL,

       **Defendants.**

--------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/15

**OPINION AND ORDER**

**13-cv-1640 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

      Plaintiff Sharlene Sullivan brings this action, asserting a variety of

claims in connection with a reality television show called "Bullrun," which

features teams competing to win a car race. The ten named defendants may be

grouped into three categories: (1) Viacom Media Networks, Spike, and MTV

(collectively "Viacom" or the "Viacom defendants"); (2) Bullrun Productions,

Bullrun LLC, Andrew Duncan, David Green, and Maloof Television (the

"Producer defendants"); and (3) Fox Television and the Speed Channel (the "Fox

defendants"). Sullivan asserts claims for copyright infringement, breach of implied contract, unjust enrichment, misappropriation, and unfair competition under section 17200 of the California Business and Professions Code. The Viacom defendants now move to dismiss all claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons set forth below, Viacom's motion is GRANTED and the Complaint is DISMISSED.

## II.    BACKGROUND

### A.    Facts[1]

In July 2005, Sullivan conceived of the idea for a reality television show called SpeedStar, featuring teams competing to win a cross-country car race.[2] Sullivan memorialized her idea by creating a treatment (the "SpeedStar Treatment").[3] Sullivan registered the SpeedStar Treatment with the Writers Guild of America in 2005, and affixed the phrases "Writers Guild Registered 2005" and

---

[1]    The facts below are drawn from the First Amended Complaint ("FAC").

[2]    *See* FAC ¶¶ 15-16, 35.

[3]    *See id.* ¶ 15.

2

"Copyright 2005" to the document.[4]

On May 6, 2006, Sullivan met with four individuals to pitch her idea for SpeedStar: two of the Producer defendants, Andrew Duncan and David Green, and two other producers not named in this suit, Fred Jung and Casey Hilz.[5]   The group of producers represented to Sullivan that they worked with major television networks, including Viacom.[6]   After the meeting, Sullivan directed her attorney to send the SpeedStar Treatment to Fred Jung by email.[7]

Sullivan subsequently learned that the Producer defendants created the television show Bullrun, which began airing on the Spike channel on March 13, 2007.[8]   Bullrun has also aired on the television channels Speed and MTV2.[9]   Sullivan alleges that Bullrun is based on the ideas contained within her SpeedStar Treatment.[10]

---

[4]      *See id.* ¶ 16.

[5]      *See id.* ¶¶ 17-19.

[6]      *See id.* ¶¶ 17-18, 31.

[7]      *See id.* ¶¶ 20-21, 32.

[8]      *See id.* ¶¶ 23, 32.

[9]      *See id.* ¶¶ 25-26, 29, 34.  Both MTV2 and Spike are part of Viacom Media Networks; the Speed Channel is owned by Fox Television. *See id.* ¶¶ 9-10, 29.

[10]      *See id.* ¶¶ 23, 25-26, 33-35.

**B.    Procedural History**

Sullivan initiated this lawsuit by filing a pro se complaint on March 11, 2013 (the "Original Complaint").  Although Sullivan pleaded that jurisdiction was predicated on diversity of citizenship under section 1332 of title 28 of the United States Code, she listed herself and five of the defendants as citizens of New York.[11]  After the Viacom defendants moved to dismiss the Original Complaint for lack of subject matter jurisdiction due to Sullivan's failure to plead complete diversity, Sullivan argued in her opposition papers that she was mistaken about the citizenship of the defendants when she filed the Original Complaint.

The Court granted the motion to dismiss the Original Complaint, but gave Sullivan leave to amend the Complaint to correct her mistakes.[12]  Sullivan did so and, through counsel, filed an amended complaint (the "Amended Complaint") in which she alleges complete diversity.[13]  Sullivan also for the first time asserted a cause of action for copyright infringement in the Amended Complaint, and now alleges that federal question jurisdiction exists pursuant to sections 1331 and 1338

---

[11]    *See* Original Complaint at 1-3.

[12]    *See Sullivan v. Duncan*, No. 13 Civ. 1640, 2014 WL 3955164, at *2 (S.D.N.Y. Aug. 13, 2014).  This case was originally assigned to Judge Thomas P. Griesa, who ruled on the first motion to dismiss.

[13]    *See* FAC ¶ 13[b] (there are two paragraphs bearing the number 13 in the FAC; "¶ 13[b]" refers to the second such paragraph).

4

of title 28 of the United States Code.[14]

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that a court lacks subject-matter jurisdiction to hear a claim.[15] Federal courts have limited subject-matter jurisdiction.[16] "The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence."[17] Courts also have an "independent obligation to establish the existence of subject-matter jurisdiction."[18] In considering a motion to dismiss for lack of subject-matter jurisdiction, the court must assume the truth of material facts alleged in the complaint.[19] In cases where the defendant challenges the factual basis of the

---

[14]     *See id.* ¶¶ 13, 65-78.

[15]     *See* Fed. R. Civ. P. 12.

[16]     *See In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 392 (S.D.N.Y. 2014) (citing *Purdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013)).

[17]     *Al-Khazraji v. United States*, 519 Fed. App'x 711, 713 (2d Cir. 2013) (citing *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (quotation marks omitted)).

[18]     *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d at 385.

[19]     *See Hijazi v. Permanent Mission of Saudi Arabia to United Nations*, 403 Fed. App'x 631, 632 (2d Cir. 2010).

plaintiff's assertion of jurisdiction, the plaintiff must show jurisdiction "affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."[20]  In fact, "in dismissing a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), a court may 'refer to evidence outside the pleadings.'"[21]

### B.      Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor."[22]  The court evaluates the sufficiency of the complaint under the "two-pronged approach" set forth by the Supreme Court in *Ashcroft v. Iqbal*.[23]  Under the first prong, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[24]  For example, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[20]      *Jordan v. Verizon Corp.*, 391 Fed. App'x 10, 12 (2d Cir. 2010) (citing *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quotation marks omitted)).

[21]      *Burfeindt v. Postupack*, 509 Fed. App'x 65, 67 (2d Cir. 2013) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

[22]      *Grant v. County of Erie*, 542 Fed. App'x 21, 23 (2d Cir. 2013).

[23]      *See* 556 U.S. 662, 678-79 (2009).

[24]      *Id.* at 679.

suffice."[25]   Under the second prong of *Iqbal*, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[26]   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]   Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."[28]

When deciding a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."[29]   A court may also consider a document that is not incorporated by reference "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."[30]

## C.   Leave to Amend

---

[25]      *Id.* at 678 (citation omitted).

[26]      *Id.* at 679.

[27]      *Id.* at 678 (citation omitted).

[28]      *Id.* (quotation marks omitted).

[29]      *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

[30]      *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

Federal Rule of Civil Procedure 15(a)(2) provides that, other than amendments as a matter of course, "a party may amend [its pleading] only by leave of court or by written consent of the adverse party."[31]  Although "[t]he Court should freely give leave when justice so requires,"[32] it is "within the sound discretion of the district court to grant or deny leave to amend."[33]  When a motion to dismiss is granted, "'[i]t is the usual practice . . . to allow leave to replead.'"[34]  Where a plaintiff inadequately pleads a claim and cannot offer additional substantive information to cure the deficient pleading, granting leave to replead is futile.[35]

## IV.   APPLICABLE LAW

### A.   Subject Matter Jurisdiction

A federal district court may exercise jurisdiction only if so authorized

---

[31]   *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (citation and quotation marks omitted).

[32]   Fed. R. Civ. P. 15(a)(2).

[33]   *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted).

[34]   *Schindler v. French*, 232 Fed. App'x 17, 19 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

[35]   *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

by the Constitution and by statute.[36]  The Constitution extends the federal judicial

power to, *inter alia*, all cases arising under the Constitution, laws, and treaties of

the United States, and to cases between citizens of different states.[37]

### 1.    Diversity Jurisdiction

Section 1332 of title 28 of the United States Code confers subject

matter jurisdiction on the federal district courts, giving them original jurisdiction

over cases "where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs and is between [] citizens of different States[.]"

"[C]omplete diversity of all parties is an absolute, bright-line prerequisite to

federal subject matter jursdiction."[38]  Accordingly, "all plaintiffs must be citizens

of states diverse from those of all defendants . . . ."[39]  Diversity of citizenship is

---

[36]     *See* U.S. Const. art. III, § 1 ("The judicial Power of the United States shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.").  *See also Exxon Mobil Corp. v. Allapattah Servs., Inc.* 545 U.S. 546, 552 (2005) (citation and quotation marks omitted) ("The district courts of the United States, as we have said many times, are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.").

[37]     *See* U.S. Const. Art. III, § 2.

[38]     *Pennsylvania Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 119 (2d Cir. 2014) (citing *Allappattah*, 545 U.S. at 553).

[39]     *Id.* at 118.

determined as of the time the lawsuit is filed.[40]

A corporation takes the citizenship of both the state in which it is incorporated and the state where "it has its principal place of business."[41]  The principal place of business of a corporation is "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities, . . . [often] called the corporation's 'nerve center.'"[42]  "A corporation's 'nerve center,' usually its main headquarters, is a single place."[43]

### 2.    Federal Question Jurisdiction

Section 1331 of title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Section 1338(a) further provides federal district courts with "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks[,]" and exclusive jurisdiction with respect to "patents, plant variety protection, or copyrights."  Additionally, section 1367(a) permits district courts to

---

[40]    *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989).

[41]    28 U.S.C. § 1332(c)(1).

[42]    *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

[43]    *Id.* at 93.

exercise supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A district court may decline to exercise such jurisdiction when it has dismissed all claims over which it has original jurisdiction.[44]

### B.    Copyright Infringement

"To prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant."[45]  Courts have held that a copyright claim must allege "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright."[46]

Regarding the statutory registration requirements, section 411(a) of

---

[44]    *See* 28 U.S.C. § 1367(c)(3).

[45]    *Yurman Design, Inc. v. PAJ, Inc. ("PAJ, Inc.")*, 262 F.3d 101, 109-10 (2d Cir. 2001).

[46]    *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35–36 (S.D.N.Y. 1992) (citing *Franklin Elec. Publishers v. Unisonic Prod. Corp.,* 763 F. Supp. 1, 4 (S.D.N.Y. 1991).  *Accord Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440 (S.D.N.Y. 2012).

the Copyright Act provides, *inter alia*, that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."[47] The Supreme Court has held that "[s]ection 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject matter jurisdiction."[48]

Although "the Federal Courts of Appeals are divided over whether a pending application satisfies [section] 411(a)'s requirement of copyright registration as a precondition to instituting an infringement action," the Second Circuit has declined to "resolve the dispute or otherwise embroil [itself] in this circuit split."[49]   Nonetheless, the Second Circuit has held that a plaintiff plainly fails to satisfy the precondition requirements of section 411(a) by neglecting to *apply* for registration of the relevant work prior to filing suit for copyright infringement.[50]

## V.   DISCUSSION

---

[47]   17 U.S.C. § 411(a).

[48]   *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

[49]   *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014).

[50]   *See id.* at 125-26.

12

### A.    Diversity Jurisdiction

Sullivan is a citizen of New York.[51]  Thus, complete diversity is absent if any defendant is also a citizen of New York.  The main point of contention among the parties is whether the Viacom defendants are New York citizens, thereby defeating diversity jurisdiction.

As a preliminary matter, Viacom notes that none of the named Viacom defendants is a legal entity capable of being sued, as "Viacom Media Networks is a division of Viacom International Inc. [and] MTV and Spike are the trademarked names of cable television programming services that are operated by Viacom Media Networks."[52]  Sullivan apparently agrees.  The Amended Complaint lists Viacom Media Networks as a division of Viacom International Inc. ("Viacom International") – not a separate legal entity – and further lists MTV and Spike as programming services that are part of Viacom Media Networks.[53]  Because the

---

[51]    *See* FAC ¶ 2.

[52]    Defendants Viacom Media Networks, MTV and Spike's Memorandum of Law in Support of Their Motion to Dismiss First Amended Complaint ("Def. Mem.") at 1 n.1.  *Accord* Assistant Secretary's Certificate of Viacom International Inc. ("Certificate"), Ex. A to Def. Mem. ¶¶ 3-4 ("Viacom Media Networks is not a corporation, it is a division of [Viacom International Inc.]. MTV and Spike are television programming services that are part of the music brand group of Viacom Media Networks.").

[53]    *See* FAC ¶¶ 8-10.

parties agree on the relationship between the Viacom defendants and Viacom International, for the purposes of this motion I will assume that the corporate citizenship of Viacom International applies to all three Viacom defendants.

The Viacom defendants offer affirmative proof supporting their challenge to Sullivan's assertion that complete diversity exists.  Viacom attaches to its moving papers a certificate filed by Christa A. D'Alimonte, Viacom International's Senior Vice President, Deputy General Counsel, and Assistant Secretary (the "Certificate").  The Certificate explains that "[t]he principal executive office of the Corporation [Viacom International] is 1515 Broadway, New York, New York 10036."[54]  Sullivan listed the same address for all three Viacom defendants in her Original Complaint.[55]

Corporations are deemed to be citizens of both their state of incorporation and the state in which their principal place of business is located.[56] Accordingly, the only way Sullivan can prove that the Viacom defendants are not citizens of New York is to affirmatively show that the Certificate contains false

---

[54]     Certificate ¶ 1.  This information is corroborated by a Biennial Statement filed with the New York State Department of State, Division of Corporations, attached as an exhibit to the Certificate.

[55]     *See* Original Complaint at 2.

[56]     *See* 28 U.S.C. § 1332(c)(1).

14

information and that Viacom International's principal place of business is located in some state other than New York.  Sullivan fails to provide any such proof. Instead, Sullivan advances two arguments as to why this Court should find that diversity jurisdiction exists, notwithstanding the fact that Viacom International's principal place of business is in New York.  Both arguments fail.

*First*, Sullivan asserts that the Viacom defendants are not only incorporated in the state of Delaware, but also maintain their principal place of business there.[57]  Yet Sullivan provides neither a business address for the Viacom defendants in Delaware, nor any evidence suggesting that Viacom International's principal place of business is in Delaware.  Sullivan offers only a single piece of information that can even be remotely construed as linking Viacom's principal place of business to the state of Delaware: that Viacom International was once successfully sued in Delaware state court – a fact that Sullivan presents as evidence that Viacom's "presence in Delaware is not as insignificant as they would like this

---

[57]      *See* FAC ¶¶ 8-10; Plaintiff Sharlene Sullivan's Memorandum of Law in Opposition to Defendant Viacom Media Networks, MTV and Spike's Motion to Dismiss First Amended Complaint ("Opp. Mem.") at 6.  (The pages in Sullivan's opposition papers are not numbered.  For the purpose of clarity, I will consider the cover page to be page one of the document, and I refer to subsequent pages in the document in sequential order.  All other references to page numbers in Sullivan's opposition papers conform to this standard.)

[C]ourt to believe."[58]  This information proves nothing about Viacom International's principal place of business.  The mere fact that Viacom International is subject to lawsuits in Delaware is not surprising given that it is incorporated in Delaware, and more importantly, not germane to the location of its principal place of business.  Sullivan's bare assertion that Viacom International's principal place of business is Delaware is wholly unsupported and is therefore entitled to no weight.

*Second*, Sullivan emphasizes that Viacom International has a significant business presence *outside* New York.[59]  This argument misapprehends the relevant legal standard.  The Supreme Court has held that a corporation's principal place of business for the purposes of subject matter jurisdiction is its "nerve center," defined as "the place where a corporation's officers direct, control, and coordinate the corporation's activities."[60]  Thus, even if all of Sullivan's evidence of Viacom International's business outside of New York is true, it still fails to show that the corporation's "nerve center" is somewhere other than New

---

[58]     Opp. Mem. at 15.

[59]     *See id.* at 13-16.  Sullivan specifically directs the Court's attention to the following facts: (1) Viacom's "business presence in California is huge," and (2) Viacom's website lists offices "across the globe." *Id.* at 14-15.

[60]     *Hertz*, 559 U.S. at 92-93.

York.  It only shows that Viacom International is a corporation whose business activities have a global reach.

Simply put, Sullivan offers no proof to rebut the Viacom defendants' evidence that they are citizens of New York for the purposes of diversity jurisdiction.  In fact, Sullivan's opposition papers indicate that she is attempting to circumvent the requirements of subject matter jurisdiction in order to maintain a federal venue for this action.  Sullivan argues that "the legislative intent behind diversity jurisdiction . . . is well served" because "multiple defendants are citizens of jurisdictions other than New York."[61]  Sullivan also inexplicably asserts that "minimal diversity is constitutionally permissible," but cites to a Supreme Court decision interpreting an interpleader statute as support.[62]  Given the clear state of the law, these arguments border on bad faith.

Finally, Sullivan requests either jurisdictional discovery from the Viacom defendants or leave to amend the complaint on the issue of citizenship. These requests are denied.  Jurisdictional discovery would serve no purpose because Sullivan has offered no evidence to support her assertion that the Viacom defendants' principal place of business is in Delaware.  Further, Sullivan was

---

[61]     Opp. Mem. at 6.

[62]     *Id.* at 16 (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967)).

already granted leave to amend her complaint once on the issue of citizenship.

Sullivan has failed to rebut Viacom's evidence that its principal place of business

is located in New York.  Granting leave to amend on the issue of citizenship would

be a waste of judicial resources.[63]

### B.     Federal Question Jurisdiction

Sullivan attempts to invoke federal question jurisdiction as an

alternative basis for subject matter jurisdiction by raising a claim for copyright

infringement in her Amended Complaint.[64]  Sullivan's efforts fail.  Even assuming

that Sullivan had properly amended her Complaint,[65] the claim for copyright

---

[63]     Prior to filing her Amended Complaint, Sullivan was presented with
the identical evidence that the Viacom defendants offer here in support of the
assertion that their principal place of business is in New York: the Certificate filed
by the deputy general counsel of the corporation. *See* Ex. A to Defendants Viacom
Media Networks, MTV, and Spike's Reply Memorandum of Law in Further
Support of Their Motion to Dismiss Complaint, or in the Alternative, Transfer
Venue [Docket No. 46].  Thus, Sullivan had the opportunity to amend her
Complaint once in response to Viacom's evidence challenging complete diversity.
Sullivan has not offered any reason why she should be given a second opportunity
to do so.

[64]     *See* FAC ¶¶ 65-78; Opp. Mem. at 17-19.

[65]     In an Opinion and Order dated August 13, 2014, Judge Thomas P.
Griesa granted Sullivan leave to amend her Original Complaint.  *See Sullivan*,
2014 WL 3955164, at *2.  The Opinion clearly limits the scope of Sullivan's leave
to amend to curing the Original Complaint's defective jurisdictional allegations –
not to assert an entirely new basis for subject matter jurisdiction.  Indeed, there is
little likelihood that Sullivan would be able to retroactively assert a new basis for
subject matter jurisdiction by amending her Complaint.  *See* 28 U.S.C. § 1653

18

infringement must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.  Therefore, because none of Sullivan's remaining claims arise under the Constitution, laws, or treaties of the United States, there is no basis for the exercise of federal jurisdiction.

Sullivan's claim for copyright infringement – if it was properly before the Court – must be dismissed as a matter of law because she failed to allege the prerequisite to filing suit under section 411(a) of the Copyright Act.  When Sullivan commenced this action on March 11, 2013, she had not even applied for copyright registration for her SpeedStar Treatment.  Instead, Sullivan waited over a year, until May 8, 2014, to apply for copyright registration.[66]

---

("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) ("[Section] 1653 . . . addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."); *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (citation and internal quotations omitted) ("[W]e have never allowed [section 1653] to create jurisdiction retroactively where none existed.  Section 1653 allows amendment only of defective *allegations* of jurisdiction; it does not provide a remedy for defective jurisdiction itself.").

[66]      According to the Amended Complaint, Sullivan "registered her SpeedStar Treatment with the United States Copyright Office" on May 8, 2014. FAC ¶ 16.  This statement apparently misrepresents the truth.  The Viacom defendants contend that Sullivan merely *applied* for copyright registration on May 8, 2014.  *See* Def. Mem. at 10-11.  The Viacom defendants ask the Court to take judicial notice of public records confirming their contention, but doing so is unnecessary as Sullivan admits in her opposition papers that she only submitted an *application* for copyright registration on May 8, 2014.  *See* Opp. Mem. at 20.

The law in the Second Circuit is clear that applying for copyright registration prior to initiating the lawsuit is an absolute requirement to maintaining an action for copyright infringement.  Sullivan cites to two district court decisions that adopt an "application approach" to copyright registrations, deeming the work to be registered at the time the application is received by the Copyright Office.[67]  This argument ignores the Second Circuit's decision in *Psihoyos v. John Wiley & Sons, Inc.*[68]  In that case, plaintiff sued for copyright infringement, but waited until long after initiating the lawsuit to apply for copyright registration.[69]  Although the Second Circuit declined to rule on whether a pending application satisfied the preconditions to filing suit under the Copyright Act, the court held that the plaintiff's failure to even apply for copyright registration prior to initiating his lawsuit plainly failed to satisfy section 411(a)'s precondition requirements.[70]

The holding in *Psihoyos* forecloses Sullivan from asserting a claim for copyright infringement in this case.  Even if Sullivan had properly amended her

---

[67]     *See* Opp. Mem. at 20 (citing *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002); *Havens v. Time Warner, Inc.*, 896 F. Supp. 141, 142-43 (S.D.N.Y. 1995)).

[68]     748 F.3d 120.

[69]     *See id.* at 122-23.

[70]     *See id.* at 125.

Complaint to include a claim for copyright infringement, the Court would have to dismiss the claim as a matter of law given that she first applied for copyright registration of her SpeedStar Treatment more than a year after commencing this action.

By the same token, even if the Copyright Office renders a decision on Sullivan's pending application, leave to amend would be futile because the newly amended complaint would relate back to the date of the Original Complaint.[71] Should the Copyright Office act on Sullivan's pending application for copyright registration of her SpeedStar Treatment, Sullivan would have to commence a new action to pursue her claim for copyright infringement.[72]  Dismissal is therefore without prejudice.

## VI.    CONCLUSION

For the foregoing reasons, the Viacom defendants' motion to dismiss is GRANTED.  Viacom Media Networks, MTV and Spike are dismissed without prejudice.

Further, a review of the Court records indicates that there is no proof

---

[71]    *See* Fed. R. Civ. P. 15(c).

[72]    Any new claim might be time-barred. *See* 17 U.S.C. § 507(b). However, that issue would only arise if a new action is filed and would be addressed by a different court after full briefing.

of service of the summons and complaint on file with respect to the remaining

defendants: Andrew Duncan, David Green, Bullrun Productions, Bullrun LLC,

Maloof Television, Fox Television, and the Speed Channel.  Rule 4(m) of the

Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On October 7, 2014, this Court issued an Order directing Sullivan to

effect service on all defendants in this action within 120 days of the date the

Amended Complaint was filed, September 12, 2014.  Over 300 days have passed,

yet Sullivan has neither provided the Court with proof of service nor requested an

extension of time to serve.  This Court has previously provided Sullivan with

additional time to serve these defendants, and has warned Sullivan that failure to

effect timely service without requesting an extension will result in dismissal for

failure to prosecute pursuant to Rules 4 and 41 of the Federal Rules of Civil

Procedure.[73]  Because Sullivan has failed to timely serve Andrew Duncan, David

Green, Bullrun Productions, Bullrun LLC, Maloof Television, Fox Television, and

---

[73]     *See* July 17, 2013 Amended Order of Service, Docket No. 9.

the Speed Channel, they are dismissed with prejudice.

Accordingly, this case is DISMISSED as to all defendants.  The Clerk
of the Court is directed to close this motion [Docket No. 52] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 17, 2015

23

**-Appearances-**

**For Plaintiff:**

Susan Marie Sullivan-Bisceglia, Esq.
Sullivan Bisceglia Law Firm, PC
263 New Hackensack Road
Wappinger Falls, NY 12590
(845) 463-2118

**For Defendants Viacom Media Networks, MTV, and Spike:**

Oksana G. Wright, Esq.
Fox Rothschild LLP
100 Park Avenue, Suite 1500
New York, NY 10017
(212) 878-7930

Michel Eidel, Esq.
Clair E. Wischusen, Esq.
Fox Rothschild LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976
(215) 918-3568